UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                                    :
                                                    :
FEDERAL INSURANCE COMPANY,        :
                                                    :
                                                    :
            Plaintiff,                              :          Civil Action No. 12-2491 (JAP)
                                                    :
      v.                                            :
                                                    :               **OPINION**
DINA von WINDHERBURG-CORDEIRO  :
                                                    :
                                                    :
            Defendant.                              :
_____:

PISANO, District Judge.

　　　　Plaintiff Federal Insurance Company ("Federal") brings this action against defendant

Dina von Windherberg-Cordeiro ("Defendant") alleging violations of New Jersey's Insurance

Fraud Prevention Act, N.J.S.A. § 17:33A-1 *et seq*.  Presently before the Court is a motion by

Defendant to dismiss or, in the alternative, stay this action in light of an ongoing arbitration

proceeding between the parties in which Federal has raised fraud claims.  For the reasons

below, Defendant's motion is denied.

**I.  BACKGROUND**

　　　　According to the complaint, as of November 7, 2002, Defendant was an insured under

a $1.5 million Voluntary Accident Insurance Policy (the "Policy").  The Policy provided,

among other things, coverage for "Permanent Total Disability," which is defined by the

Policy as "Accidental Bodily Injuries" that "solely and directly cause" an insured to suffer

1

certain disabling conditions such as the loss of the use of hand or feet, loss of sight, loss of hearing or loss of speech.

In 2005, Defendant gave notice to Federal of a claim for Permanent Total Disability benefits. She stated that on March 20, 2004, she fell down an escalator at the Munich Airport in Munich, Germany. As a result of the fall, Defendant alleged that she suffered, among other things, dental damage, facial injuries, serious cervical spine injury, and traumatic brain injury causing loss of use of her extremities. Defendant claims that she can no longer work in any capacity or care for herself.

Defendant submitted a claim form to Federal on April 26, 2006. Shortly thereafter an investigator retained by Federal met with Defendant. Federal made a number of requests to Defendant seeking information regarding her employment history as well as Defendant's medical records. It appears that Defendant's response, if any, was considered incomplete by Federal, and from approximately 2007 to 2010, Federal made repeated requests to Defendant for certain medical records. By letter dated December 20, 2010, Federal denied Defendant's claim for Permanent Total Disability Benefits based primarily upon review of the limited medical records obtained by Federal.

Pursuant to the Policy, the parties agreed that in the event of "a dispute under the policy," either party could make an arbitration demand. Specifically, the Policy provides as follows:

> In the event of a dispute under the policy, either we, the Insured Person, or in the event of Loss of Life, the Insured Person's beneficiary may make a written demand for arbitration. In that case, we and the Insured Person, or in the event of Loss of Life, the Insured Person's beneficiary, will each select an arbitrator. The two arbitrators will select a third. If they cannot agree within fifteen (15) days, either we or the Insured Person, or in the event of Loss of Life, the Insured Person's beneficiary, may request that the choice of the arbitrator be submitted to the

American Arbitration Association. The arbitration will be held in the state of the Insured Person's principal residence.

On March 3, 2011, in accordance with this provision, Defendant filed a demand for arbitration with the American Arbitration Association disputing the denial of her claim. That arbitration was pending at the time this motion was filed, and the Court has recently received notice through a filing by Federal that an award was entered in the arbitration in August 2012.[1] *See* D.I. 22-4 (final award in favor of Federal on all of Defendants' claims as well as on Federal's counterclaim for declaratory relief; partial award in favor of Federal on its fraud counterclaim as to liability only; final award on damages pending).

In connection with the arbitration, the parties engaged in extensive discovery. On May 15, 2012, based upon information obtained through such discovery, Federal filed a counterclaim in the arbitration proceeding asserting common law fraud. Approximately two weeks prior, Federal had filed the instant action asserting violations of New Jersey's Insurance Fraud Prevention Act, N.J.S.A. § 17:33A-1 *et seq*. ("IFPA").

## II. ANALYSIS

Citing the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, ("FAA") Defendant moves to dismiss or stay this action in favor of the pending arbitration. Defendant argues that there exists a valid arbitration agreement between the parties and that Federal's IFPA claims fall within the scope of the parties' arbitration agreement. In response, Federal argues that its claims are not arbitrable because (1) the statute expressly provides that an insurer may sue under the statute "in any court of competent jurisdiction" and, therefore, the claim is not arbitrable; and (2) the FAA is reverse preempted in this situation under the McCarran-

---

[1] The panel concluded in its ruling that "evidence at the hearing was overwhelming that Claimant's claim[ed] injury … and her claimed mental limitations and disabilities are largely or entirely feigned." D.I. 22-4 at 1-2.

3

Ferguson Act, 15 U.S.C. § 1012(b).  Federal also claims that certain remedies available under

the statute are unavailable in arbitration and, as a result, staying or dismissing the action

would violate New Jersey's public policy to fight insurance fraud.

> Under the FAA,
>
> [i]f any suit or proceeding be brought in any of the courts of the United States
> upon any issue referable to arbitration under an agreement in writing for such
> arbitration, the court in which such suit is pending, upon being satisfied that
> the issue involved in such suit or proceeding is referable to arbitration under
> such an agreement, shall on application of one of the parties stay the trial of the
> action until such arbitration has been had in accordance with the terms of the
> agreement, providing the applicant for the stay is not in default in proceeding
> with such arbitration.

9 U.S.C. § 3.

There are two questions that a court examines when addressing a motion to dismiss or

stay in favor of arbitration.  First, the Court must first determine whether the agreement to

arbitrate is valid.  *Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007).  An agreement to

arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law

or in equity for the revocation or any contract."  9 U.S.C. § 2.  "[T]he [Federal Arbitration

Act] establishes a strong federal policy in favor of the resolution of disputes through

arbitration," and such agreements are presumptively enforceable.  *Brennan v. Cigna Corp.*,

282 Fed. Appx. 132, 135 (3d Cir. 2008).  *See also Great Western Mortg. Corp. v. Peacock*,

110 F.3d 222 n. 25 (3d Cir. 1997).  No party here has raised a question as to the validity of the

arbitration clause in the agreement.

Second, a court decides whether the dispute falls within the scope of the arbitration

agreement.  It is well established that "the arbitrability of the merits of a dispute depends upon

whether the parties agreed to arbitrate that dispute." *First Options of Chicago, Inc. v. Kaplan*,

514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). "When deciding whether the parties agreed to arbitrate a certain matter … courts generally … should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).  Under New Jersey law, "[i]n determining whether a particular dispute is encompassed by an arbitration provision, as in construing any other contractual provision, a court's 'goal is to discover the intention of the parties[,]' which requires consideration of the 'contractual terms, the surrounding circumstances, and the purpose of the contract.'" *Angrisani v. Fin. Tech. Ventures, L.P.*, 402 N.J. Super. 138, 952 A.2d 1140, 1146 (App. Div. 2008) (quoting *Marchak v. Claridge Commons, Inc.*, 134 N.J. 275, 633 A.2d 531, 535 (N.J.1993)).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Brayman Constr. Corp. v. Home Ins. Co.*, 319 F.3d 622, 625 (3d Cir. 2003) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  The FAA requires a court to stay a proceeding in favor of arbitration "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration." 9 U.S.C. § 3.

In the present matter, the arbitration clause is broad.  The parties have agreed that "[i]n the event of a dispute under the policy," either party may demand arbitration of that dispute.  Thus, the scope of the parties' arbitration agreement is such that it would encompass Federal's IFPA claim.   Indeed, neither party has expressly argued that Federal's claim is not a "dispute under the policy."

Nevertheless, Federal argues that its claim is not arbitrable because it alleges that the New Jersey Legislature intended that an insurance company's IFPA claims be adjudicated in a court of law rather than an arbitral forum.  Federal points to express language in the IFPA that

5

has been described as "designat[ing] the proper forum" for claims under the Act.  *See Allstate Ins. Co. v. Lopez*, 311 N.J Super. 660, 678 (Law. Div. 1998); *see also Allstate Ins. Co. v. Greenberg*, 376 N.J. Super. 623, 637 (Law Div. 2004) (stating that the IFPA "provides that the forum for the adjudication of claims under the Act is in the Superior Court.")  The relevant provision reads as follows:  "Any insurance company damaged as a result of a violation of any provision of this act may sue therefore **in any court of competent jurisdiction**…."  N.J.S.A. § 17:33A-7a (emphasis supplied).  One New Jersey appellate court, referring to this particular provision, stated that "[i]t is clear from this provision that the Legislature did not contemplate that a claim of violation of the Insurance Fraud Prevention Act would be heard by an arbitrator."  *Nationwide Mutual Fire Ins. Co. v. Fiouris*, 395 N.J. Super. 156, 161 (App. Div. 2007); *see also State Farm Mut. Auto. Ins. Co. v. Worrell*, 1991 WL 133644 (E.D. Pa. July 17, 1991) (arbitration panel "is without jurisdiction" to hear insurer's IFPA claims).

Federal also points to other provisions of the IFPA that it argues provide support for its position that the Legislature did not contemplate that an insurer's IFPA claim would be subject to arbitration.  For example, the IFPA at N.J.S.A. § 17:33A-7 requires an insurance company to provide copies of court filings (specifically, "the initial claim, amended claim, counterclaims, briefs and legal memoranda") to the Commissioner of Banking and Insurance and permits the Commissioner, upon such notice, to join in the insurance company's suit "for the purpose of seeking judgment for the payment of a civil penalty" as authorized by the act.  It is doubtful that such an intervention would be appropriate in a typical arbitration proceeding.  Consequently, given the express language of the statute and the case law

interpreting it, it does appear that state law requires Federal's IFPA claim be brought in a judicial forum.

However, it has been long recognized that the FAA establishes a national policy favoring arbitration that can displace state law when the parties contract for that manner of dispute resolution. *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). The Supreme Court has held that in enacting the FAA, Congress "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Id.* at 10. *See AT&T Mobility v. Concepcion*, --U.S. --131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) (FAA preempts state law prohibiting arbitration of class action claims); *Preston v. Ferrer*, 552 U.S. 346, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) (FAA preempts state law referring dispute to administrative agency); *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 58, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (FAA permits parties to agree to arbitration of punitive damages claim notwithstanding state law excluding such claims from arbitration); *Perry v. Thomas*, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (FAA preempts state labor code provision allowing maintenance of wage collection actions despite private agreement to arbitrate).

The effect of the FAA is limited in this case, however, by the McCarran-Ferguson Act, under which state laws regulating insurance preempt some federal statutes. 15 U.S.C. § 1012(b). The McCarran-Ferguson Act is designed to protect the interests of the individual states in regulating the insurance industry by ensuring that provisions of federal law do not inadvertently preempt state insurance laws. Rather, under the act, state insurance laws "reverse preempt" contrary federal laws.

Under § 1012, state laws reverse preempt federal laws if (1) the state statute was enacted for the purpose of regulating the business of insurance, (2) the federal statute does not specifically relate to the business of insurance, and (2) the federal statute would invalidate, impair, or supersede the state statute.  *Suter v. Munich Reins. Co.*, 223 F.3d 150, 160 (3d Cir. 2000).  Applying these factors in this case, the Court finds that the FAA does not supersede New Jersey's law requiring Federal's claims to be brought in a judicial forum.  Accordingly, the Court denies Defendant's motion.

## III.  CONCLUSION

For the reasons above, the Court denies Defendant's motion to dismiss or stay pending arbitration.  An appropriate Order accompanies this Opinion.


/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  December 31, 2012