UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No. 12-2491 (JAP) |
| v. | **OPINION** |
| DINA von WINDHERBURG-CORDEIRO | |
| Defendant. | |

PISANO, District Judge.

This matter comes before the Court on the following two motions by Plaintiff Federal Insurance Company ("Federal"): (1) to confirm arbitration awards dated August 2, 2012 and April 3, 2012; and (2) to strike Defendant Dina von Windherberg-Cordeiro's ("Defendant") answer and dismiss Defendant's counterclaim. For the reasons below, Plaintiff's motions are granted.

**I. BACKGROUND**

This is an action alleging, *inter alia*, violations of New Jersey's Insurance Fraud Prevention Act, N.J.S.A. § 17:33A-1 *et seq*. According to the complaint, as of November 7, 2002, Defendant was an insured under a $1.5 million Voluntary Accident Insurance Policy (the "Policy"). The Policy provided, among other things, coverage for "Permanent Total Disability." In 2005, Defendant gave notice to Federal of a claim for Permanent Total

1

Disability benefits as a result of injuries allegedly suffered from a fall down an escalator at the Munich Airport in Munich, Germany. Federal, however, denied Defendant's claim.

On March 3, 2011, in accordance with the arbitration provision in the Policy, Defendant filed a demand for arbitration with the American Arbitration Association disputing the denial of her claim and asserting claims for breach of contract, equitable reformation, insurance bad faith and violations of the New Jersey Consumer Fraud Act. Federal filed a counterclaim in the arbitration that included a count for common law fraud founded upon representations made by Defendant during the claim investigation and the arbitration. A final award was issued in that arbitration on August 2, 2012 ("August 2 Award") on all claims and the counterclaim, and a final award on attorney's fees was entered on April 3, 2013 ("April 3 Award"). Malamis Decl. Exs. 3 and 5.

The August 2 Award was a full and final award in favor of Federal on all of Defendant/Claimant's claims and a partial award as to liability on Federal's counterclaim for fraud. In the written decision, the arbitration panel chair concluded that Defendant's claimed disabilities and limitations were "largely or entirely feigned." D.I. 41-5 at 2. The decision stated that Defendant had "engaged in deliberate deception and [had] feigned her injuries and symptoms for the purpose of financial gain." *Id.* at 5. The April 3 Award grants fees and costs to Federal in the amount of $513,303.72. No motions to vacate, modify or correct either of these awards have been filed.

**II. ANALYSIS**

A. Motion to Confirm Arbitration Awards

The Federal Arbitration Act (the "FAA") creates a strong presumption in favor of enforcing arbitration awards. *New Jersey Carpenters Funds v. Professional Furniture*

2

*Services*, 2009 WL 483849 at *2 (D.N.J. February 25, 2009) (citing *Brentwood Medical Associates v. United Mine Workers of America*, 396 F.3d 237, 241 (3d Cir. 2005)). In general, review of an arbitration award under the FAA by the district court is "extremely deferential." *Metromedia Energy, Inc. v. Enserch Energy Servs.*, 409 F.3d 574, 578 (3d Cir. 2005). Consequently, a court may vacate an arbitration award under the FAA "only in exceedingly narrow circumstances." *Id.* Pursuant to the FAA, a district court may vacate an arbitration award only: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(1)-(4). The Court finds no evidence of any of these conditions.

Defendant has opposed Plaintiff's motion to confirm, but her opposition fails to raise any viable arguments in support of her position. Rather, her papers primarily complain of misconduct by her attorneys and allegations, without evidence, of arbitrator partiality. More importantly, Defendant has failed to move to vacate the arbitration award, and if a party fails to move to vacate an arbitration award, that party forfeits the right to oppose confirmation of the award if sought by another party. *See Prasad v. Investors Associates, Inc.*, 82 F.Supp.2d 365, 367–68 (D.N.J. 2000) (the FAA "does not permit the assertion of challenges to an arbitration award in opposition to a motion to confirm the award after the three-month limitations period has expired.") (citing *Lander Co. v. MMP Investments, Inc.*, 107 F.3d 476,

478 (7th Cir. 1997) ("Under the Act, if you fail to move to vacate an arbitration award you forfeit the right to oppose confirmation (enforcement) of the award if sought later by the other party."). Under the FAA, Defendant had ninety days after each arbitration award was filed or delivered to serve a notice of motion to vacate such award. 9 U.S.C. § 12 ("notice of motion to vacate, modify, or correct an award must be served upon an adverse party or his attorney within three months after the award is filed or delivered"). She failed to do so within the requisite time, and, consequently, she cannot be heard now in opposition to confirmation of those awards.

B.  Motion to Dismiss Counterclaim and Strike Answer

Plaintiff seeks dismissal of Defendant's counterclaims and further asks the Court to strike Defendant's answer for failing to comply with the Federal Rules of Civil Procedure. Alternatively, Plaintiff seeks an Order that all of the allegations in the amended complaint are deemed admitted. The motion is unopposed.

On March 22, 2013, Defendant filed a document purporting to be her answer to the amended complaint. *See* D. I. 37. The document also contained a counterclaim. The "answer" is a lengthy submission that begins with a three-paragraph introduction (unnumbered), followed by sixty-three numbered paragraphs (that do not correspond with the amended complaint), followed by a twenty page single-spaced narrative. Nothing contained in the "answer" appears to respond directly or indirectly to the amended complaint.

The "counterclaim," which is expressly designated as such, is two pages long and contains fourteen numbered paragraphs. In it, Defendant alleges that the Policy's advertising and presentation differs from the coverage actually provided by the Policy, and that she received information by letter that led her to believe she would receive certain policy benefits.

Defendant also describes certain of her medical conditions and alleges that her medical condition constitutes a "Permanent Total Disability" under the policy. Defendant alleges that the "presentation materials" she received should have informed her of the terms of the policy. Finally, the counterclaim alleges that New Jersey insurance regulators would not have approved of the terms of the policy and that New Jersey prohibits the promotion and sale of insurance policies "containing confusing terms to the public." It appears, although it is not specified, that Defendant is attempting to assert claims for breach of contract and violation of the New Jersey Consumer Fraud Act.

Plaintiff argues that Defendant's counterclaims must be dismissed because they fall squarely within the Policy's arbitration clause. Pursuant to the Policy, the parties agreed that in the event of "a dispute under the policy," either party could make an arbitration demand. Specifically, the Policy provides as follows:

> In the event of a dispute under the policy, either we, the Insured Person, or in the event of Loss of Life, the Insured Person's beneficiary may make a written demand for arbitration. In that case, we and the Insured Person, or in the event of Loss of Life, the Insured Person's beneficiary, will each select an arbitrator. The two arbitrators will select a third. If they cannot agree within fifteen (15) days, either we or the Insured Person, or in the event of Loss of Life, the Insured Person's beneficiary, may request that the choice of the arbitrator be submitted to the American Arbitration Association. The arbitration will be held in the state of the Insured Person's principal residence.

As this Court has noted in an earlier Opinion, the arbitration clause is broad. *See Federal Ins. Co. v. von Windherburg-Cordeiro*, No. 12-2491, 2012 WL 6761877 (December 31, 2012). The issues raised in Defendant's counterclaim fall within the scope of the arbitration agreement. Where, as here, claims are subject to an arbitration agreement, they cannot proceed in district court and, therefore, Defendant's counterclaim shall be dismissed in its entirety.

The second part of Plaintiff's motion requests that the Court strike Defendant's answer for failure to comply with the requirements of Rule 8(b)(A) ("state in short and plain terms its defenses to each claim asserted against it"), Rule 8(d) (allegations should be "simple, concise and direct") and Rule 10(b) ("state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances"). Plaintiff also argues that the answer should be stricken under Rule 12(f) as "redundant, immaterial, impertinent and scandalous." Finally, Plaintiff contends the Court should strike the Answer because, although Defendant signed the letter attached to her pleading, she did not sign the actual pleading. See Rule 11 (every pleading must be signed).

The Court, granting Defendant a significant amount of leeway in light of her *pro se* status, is not inclined to strike Defendant's answer. However, the Court notes that in an answer, a "denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Rule 8 is clear that, "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ .P. 8(b)(6). Consequently, if an answer fails to deny any of the allegations in the complaint, those allegations must be accepted as true. *See United States for Use of Automatic Sprinkler Corp. of America v. Merritt-Chapman & Scott Corp.*, 305 F.2d 121, 123 (3d Cir. 1962) (allegations of complaint not denied by answer were deemed to have been admitted.). Here, to the extent that Defendant's answer fails to deny allegations in the Amended Complaint, those allegations shall be deemed admitted.

III. CONCLUSION

For the reasons above, Plaintiff's motion to confirm the arbitration awards is granted. Plaintiff's motion to dismiss Defendant's counterclaim is also granted. Plaintiff's motion to

strike Defendant's answer is denied, but the alternative relief sought is granted and, to the extent that Defendant's answer fails to deny allegations in the Amended Complaint, those allegations are deemed admitted.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: November 26, 2013