UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
_____
                              :
                              :
FEDERAL INSURANCE COMPANY,    :
                              :
                              :
        Plaintiff,            :          Civil Action No. 12-2491 (JAP)
                              :
    v.                        :
                              :              OPINION
DINA von WINDHERBURG-CORDEIRO :
                              :
                              :
        Defendant.            :
_____:
```

PISANO, District Judge.

Plaintiff brings this action against defendant Dina von Windherburg-Cordeiro

("Defendant") alleging violation of New Jersey's Insurance Fraud Prevention Act N.J.S.A.

17:33A-1 *et seq.* Presently before the Court is a motion by Plaintiff Federal Insurance

Company ("Plaintiff" or "Federal") for judgment on the pleadings. For the reasons below,

Plaintiff's motion is granted in part and denied in part.

## I. BACKGROUND

According to the amended complaint (D.I. 33, referred to herein at times as the

"complaint"), as of November 7, 2002, Defendant was an insured under a $1.5 million

Voluntary Accident Insurance Policy (the "Policy"). The Policy provided coverage for

"Permanent Total Disability." In 2005, Defendant gave notice to Federal of a claim for

Permanent Total Disability ("PTD") benefits as a result of injuries allegedly suffered on

March 20, 2004, from a fall down an escalator at the Munich Airport in Munich, Germany. Plaintiff claimed that as a result of this fall she suffered dental damage, facial injuries, serious cervical spine injury, and traumatic brain injury causing the loss of use of her extremities. After seeking information from Defendant and conducting its review, Federal ultimately denied Defendant's claim.

On March 3, 2011, in accordance with the arbitration provision in the Policy, Defendant filed a demand for arbitration with the American Arbitration Association disputing the denial of her PTD claim and asserting claims for breach of contract, equitable reformation, insurance bad faith and violations of the New Jersey Consumer Fraud Act.  Federal filed a counterclaim in the arbitration that included a count for common law fraud founded upon representations made by Defendant during the claim investigation and the arbitration.  A final award was issued in that arbitration on August 2, 2012 ("August 2 Award") on all claims and the counterclaim, and a final award on attorney's fees was entered on April 3, 2013 ("April 3 Award").

The August 2 Award was a full and final award in favor of Federal on all of Defendant's claims and a partial award as to liability on Federal's counterclaim for fraud.  In the written decision, the arbitration panel chair concluded that the disabilities and limitations claimed by Defendant were "largely or entirely feigned."  D.I. 41-5 at 2.  The decision stated that Defendant had "engaged in deliberate deception and [had] feigned her injuries and symptoms for the purpose of financial gain."  *Id.* at 5.  The April 3 Award granted fees and costs to Federal in the amount of $513,303.72.  This Court granted Plaintiff's motion to confirm these awards on November 26, 2013.  D.I. 61, 62.

2

In addition to seeking confirmation of the arbitration awards, the complaint in this case also includes a count (Count I) for violations of New Jersey's Insurance Fraud Prevention Act ("IFPA") and a count (Count III) seeking an Order from this Court that the findings of fact in the aforementioned arbitration awards are binding on Defendant in this proceeding and that Defendant is precluded from re-litigating any findings of fat made in the arbitration.  On March 22, 2013, Defendant filed a document purporting to be her answer to the amended complaint.  D. I. 37. This "response" to the amended complaint is a lengthy submission that begins with a three-paragraph introduction (unnumbered), and is followed by sixty-three numbered paragraphs, none of which correspond with the numbered paragraphs of the complaint.  These are followed by a twenty-page single-spaced narrative.  As this Court noted in an earlier decision addressing a motion by Plaintiff to strike Defendant's answer, nothing contained in this "answer" appears to respond to the specific allegations in the complaint.  D.I. 61 (Opinion), 62 (Order).  Thus, this Court has held that to the extent that Defendant's answer fails to deny allegations in the amended complaint, those allegations are deemed admitted.  *Id.*  In light of that decision, Plaintiff now moves for judgment on the pleadings.

## II.  ANALYSIS

### A.  Legal Standard – Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay trial ..." Fed.R.Civ.P. 12(c).  The applicable standard on a motion for judgment on the pleadings is similar to that applied on a motion to dismiss pursuant to Rule 12(b)(6).  *Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir.2004).  In reviewing a motion made pursuant to Rule

12(c), a court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff.  *Gomez v. Toledo*, 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 64 L.Ed.2d 572, (1980); *Robb v. City of Philadelphia*, 733 F.2d 286, 287 (3d Cir. 1984). Judgment on the pleadings pursuant to Rule 12(c), will be granted where the moving party clearly establishes there are no material issues of fact to be resolved, and that he or she is entitled to judgment as a matter of law.  *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008).

B.  Discussion

*Count I – New Jersey IFPA Claim*

Count I alleges violations of the New Jersey Insurance Fraud Prevention Act (the "Act"), N.J.S.A. 17:33A-1 *et seq*.  Pursuant to N.J.S.A. 17:33A-4:

a. A person or a practitioner violates this act if he:

(1) Presents or causes to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c. 174 (C.39:6-61 et seq.), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or

(2) Prepares or makes any written or oral statement that is intended to be presented to any insurance company, the Unsatisfied Claim and Judgment Fund or any claimant thereof in connection with, or in support of or opposition to any claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c. 174 (C.39:6-61 et seq.), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or

(3) Conceals or knowingly fails to disclose the occurrence of an event which affects any person's initial or continued right or entitlement to (a) any insurance benefit or payment or (b) the amount of any benefit or payment to which the person is entitled;

(4) Prepares or makes any written or oral statement, intended to be presented to any insurance company or producer for the purpose of obtaining:

(a) a motor vehicle insurance policy, that the person to be insured maintains a principal residence in this State when, in fact, that person's principal residence is in a state other than this State; or

(b) an insurance policy, knowing that the statement contains any false or misleading information concerning any fact or thing material to an insurance application or contract; or

(5) Conceals or knowingly fails to disclose any evidence, written or oral, which may be relevant to a finding that a violation of the provisions of paragraph (4) of this subsection a. has or has not occurred.

b. A person or practitioner violates this act if he knowingly assists, conspires with, or urges any person or practitioner to violate any of the provisions of this act.

c. A person or practitioner violates this act if, due to the assistance, conspiracy or urging of any person or practitioner, he knowingly benefits, directly or indirectly, from the proceeds derived from a violation of this act.

d. A person or practitioner who is the owner, administrator or employee of any hospital violates this act if he knowingly allows the use of the facilities of the hospital by any person in furtherance of a scheme or conspiracy to violate any of the provisions of this act.

e. A person or practitioner violates this act if, for pecuniary gain, for himself or another, he directly or indirectly solicits any person or practitioner to engage, employ or retain either himself or any other person to manage, adjust or prosecute any claim or cause of action, against any person, for damages for negligence, or, for pecuniary gain, for himself or another, directly or indirectly solicits other persons to bring causes of action to recover damages for personal injuries or death, or for pecuniary gain, for himself or another, directly or indirectly solicits other persons to make a claim for personal injury protection benefits pursuant to P.L.1972, c. 70 (C.39:6A-1 et seq.); provided, however, that this subsection shall not apply to any conduct otherwise permitted by law or by rule of the Supreme Court.

N.J.S.A. 17:33A-4.

The complaint makes numerous allegations, deemed admitted in this case and accepted as true, that demonstrate that Defendant violated the IFPA. *See* D.I. 33. As detailed

5

more thoroughly in the pleading, the complaint alleges that Defendant submitted to Federal

certain written and oral statements with respect to her claim for PTD benefits that Defendant

knew contained false or misleading information concerning: (1) her pre and post-accident

medical care; (2) her pre-accident medical conditions/injuries; (3) her post-accident

employment; (4) her receipt of other income; (5) her insurance coverage; (6) her receipt of

other government benefits relating to the accident; (7) her level of education; and (8) her

ability to travel, all of which were material to her claim for PTD benefits under the Federal

Policy.  *Id.* at ¶¶ 211-216.  The complaint alleges that Defendant made misrepresentations to

Federal relating to, among other things, her medical treatment, medical providers, ability to

work, other insurance benefits, other sources of income, her level of education and ability to

travel.  *Id.* at ¶¶ 212, 215.  It is also alleged that Defendant concealed or knowingly failed to

disclose information regarding events that would have affected her initial or continued right to

any insurance benefit or the amount of any insurance benefit under the Federal Policy.  Such

events included the following: her medical treatment prior to the March 20, 2004, accident;

her medical treatment subsequent to the March 20, 2004, accident; her receipt of long term

care benefits, her receipt of United States Social Security Disability benefits; her receipt of

incapacity benefits from the United Kingdom Department for Work and Pensions; her

employment subsequent to the March 20, 2004, accident; her level of education, and her

travel outside of Portugal subsequent to the March 20, 2004, accident.  *Id.* at ¶ 217.  As stated

in the Court's earlier opinion, Defendant failed to deny any of the aforementioned allegations.

D.I. 61, 62. Thus, the allegations in the complaint are accepted as true, and they establish that

Defendant has violated the IFPA.  Plaintiff, therefore, is entitled to judgment on the pleadings

as to Count I.

*Count III – Declaratory Judgment Claim*

Count III seeks an order from the Court precluding Defendant from re-litigation any findings of fact made in the arbitration proceeding between the parties.  Given the Court's decision above, there are no further facts to be litigated in this action.  This count, therefore, is moot.  Consequently, the Court denies Plaintiff's claim with respect to Count III and dismisses Count III as moot.

III.  CONCLUSION

For the reasons above, Plaintiff's motion is granted as to Count I and denied as to Count III.  Count III is dismissed as moot.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  November 24, 2014